

## ATTACHMENT A

## STIPULATION OF FACTS

*The parties agree that the following facts are true and accurate, and that if this case had proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt. The parties agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

From 2017 to 2024, Daric Evans (the "Defendant") worked as a correctional officer at the Eastern Correctional Institution ("ECI") in Westover, Maryland. As detailed below, while working at ECI, the Defendant entered into a conspiracy to obstruct justice with other ECI correctional officers, with the purpose of covering up evidence that a fellow officer had unlawfully assaulted an inmate—a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the United States. The Defendant admits that his conduct violated 18 U.S.C. § 371.

Specifically, on July 12, 2021, the Defendant, then age 29, was working in ECI's Housing Unit 4 when he heard a radio call for assistance. When the Defendant responded to the scene, he learned that a use of force had occurred against an inmate, K.K. The Defendant then assisted several other correctional officers with escorting K.K. to the hallway outside of the medical unit, where K.K. was evaluated by a nurse. During the evaluation, K.K. was visibly injured, with blood on his face. K.K. was also crying and stated that a correctional officer, Samuel Warren, had assaulted him. At the time, another correctional officer, D.Q., was filming K.K.

After K.K. received medical treatment, the Defendant and several other correctional officers escorted K.K. to a cell for a monitored strip search. During the strip search, K.K. was fully compliant and crying. No contraband was found. During the escort and strip search, D.Q. continued to film K.K.

Following the strip search, a number of correctional officers, including the Defendant, watched D.Q.'s video of K.K. in the unit's control center. After watching the video, a sergeant, J.S., told D.Q.—in a voice that was loud enough for the Defendant and others in the room to hear—that the video "look[ed] bad" and needed to be deleted. D.Q. indicated that he would delete the video, and the Defendant understood that D.Q. subsequently did so. In addition, J.S. proposed a cover story for why the video had gone missing, and the Defendant and other officers agreed to lie about the deletion.

Based on this conversation and other events that evening, the Defendant assumed that Warren had assaulted K.K. or that Warren's use of force against K.K. had likely been unjustified and/or excessive. The Defendant also believed that the video D.Q. had filmed of K.K. had been damning for Warren, and understood that deleting the video and lying about its deletion were steps intended to help Warren escape responsibility for his use of force against K.K. With that understanding, the Defendant went along with the plan to delete the video and to lie about its deletion.

Shortly after the incident, investigators with the Maryland Department of Public Safety and Correctional Services began a review of Warren's use of force. Around that time, the Defendant and other correctional officers discussed that—as previously agreed—they would lie to investigators about what had happened to the video of K.K. When the Defendant spoke to a state investigator about the incident, he concealed his knowledge concerning the deletion of the video. In August 2022, the Defendant also lied to federal investigators, claiming that he did not know what had happened to the video. The Defendant also repeated that lie to a federal grand jury. And in October 2023, the Defendant again lied to federal investigators concerning how the video had disappeared.

Throughout the conspiracy, the Defendant felt pressure to shield his fellow officers from being held responsible for their wrongdoing, because the culture of ECI's Housing Unit 4 was to protect other officers.

Warren has since admitted that he unlawfully assaulted K.K. and entered guilty pleas to federal offenses related to that assault.

SO STIPULATED:

_____
Erin Monju
Trial Attorney
Civil Rights Division

_____
Sarah Marquardt
Assistant United States Attorney
United States Attorney's Office
District of Maryland

_____
Daric Evans
Defendant

_____
Richard A. Finci
Counsel for Defendant

11